

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Marion McGee
County Auditor
Hays County
San Marcos, Texas

Dear Sir:

Opinion No. O-7491

Re: High School teacher may also
serve as sheriff of a county
without violating Article
XVI, Sec. 40, of the State
Constitution.

Your letter of November 2, 1946, reads in part as follows:

"Several months ago M. M. Wren died while holding
the office of Sheriff of Hays County, Texas. His wife,
Mrs. Eula Wren, was immediately elected Sheriff of
Hays County, Texas, by the Commissioners Court of Hays
County, and she is now the qualified and acting Sheriff
of this county.

"Mrs. Wren is also employed as a teacher by the
San Marcos Rural High School District. She is receiv-
ing the fees of office and an ex-officio salary as
Sheriff of Hays County. She is also receiving a salary
as teacher and employee of the above mentioned school
district.

"Please advise me as to whether or not I would be
justified in refusing to approve warrants on the Hays
County General Fund issued in payment of Mrs. Wren's
ex-officio salary as Sheriff of Hays County, Texas, for
the reason that she is holding more than one civil
office of emolument as prohibited under Art. 16, Sec.
40, of the State Constitution as amended?"

Section 40 of Article XVI of the Constitution of Texas pro-
vides, in part, as follows:

"No person shall hold or exercise at the same
time, more than one civil office of emolument. . . ."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Marion McGee - Page 2

Various exceptions immaterial here are provided for in the article.

There is no question that the sheriff holds a public office. There are no decisions by the Courts of the State of Texas directly in point as to whether or not a teacher holds a public office. However, the Supreme Court of Texas, in Kimbrough vs. Barnett, 55 S.W. 120, defined public office as "the right, authority and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public."

Leymel vs. Johnson (Calif.) 288 Pac. 858, discussed the question as to whether a high school teacher held a public office. After quoting from Kimbrough vs. Barnett, supra, the Court said that a teacher does not hold an office under the State.

Section 33 of Article XVI of the Constitution deals with a similar situation, but affects only the right of compensation by the State. That section declares:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as described in this Constitution."

The situation presented by you does not take into consideration the compensation by the State but again in Leymel vs. Johnson, supra, the Court said:

"The contract of employment of a teacher produces the relation of employer and employee; the first, the Board of Education, and the second, the teacher."

Even though part of the money which pays the salary of the teacher is provided by State funds, the State does not reserve to itself or use the power and authority of the employer to hire and discharge and regulate and direct the duties of such teacher. The furnishing of funds by the State to local bodies is merely the exercise of that benevolent authority given it to expend certain funds for the common good of all its citizens.

In view of the line of authorities holding that a teacher is not holding an office, then this department answers your question in

Hon. Marion McGee - Page 3

the negative and you would not be justified in refusing to approve warrants issued in payment of the sheriff's ex-officio salary for the reason that said sheriff is also employed as a high school teacher for a rural high school district.

Yours very truly

ATTORNEY GENERAL OF TEXAS



By
Jno. C. Knorpp
Assistant

ATTORNEY GENERAL OF TEXAS

JCK:djm

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN